UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HUAMAN CARRERA,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., et al.,<br><br>Respondents. | Case No. 5:26-cv-04172-PA-AYP<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 28, 2026, United States Magistrate Judge Anna Y. Park (the "Magistrate Judge") issued a Report and Recommendation granting Petitioner Aaron Huaman Carrera's ("Petitioner") petition for a writ of habeas corpus (the "Petition"). (Dkt. No. 12 ("R&R").)

The Court has reviewed the Report and Recommendation and Petitioner's objection and has conducted a de novo review of the portion to which Petitioner

objects. Petitioner challenges only the recommended remedy, arguing that the denial of pre-deprivation process requires immediate release rather than a post-deprivation bond hearing. The objection is overruled.

A prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. In evaluating procedural protections under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must consider both the process received during detention and the further process available to the petitioner. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). Consistent with that approach, immediate release is not invariably required when a prompt, individualized bond hearing can address whether continued detention is justified. See *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026). The finding that Petitioner's re-detention lacked adequate procedural safeguards does not itself establish that continued detention following a constitutionally adequate hearing would be impermissible. The Court therefore concludes that a prompt hearing before a neutral immigration judge is an appropriate remedy. A neutral immigration judge can determine, on a more developed record, whether Petitioner is entitled to release on bond. If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

The Court accepts and adopts the Report and Recommendation and grants the Petition. Respondents shall provide Petitioner Aaron Huaman Carrera (A No.

245-440-130) an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of this Order. The parties shall file a joint status report within that same period confirming compliance. Respondents shall provide Petitioner and the Court at least three days' notice before removing Petitioner from this jurisdiction.

IT IS THEREFORE ORDERED the Report and Recommendation is accepted and adopted; and Judgment shall be entered granting the Petition.

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner and on counsel for Respondents.

IT IS SO ORDERED.

DATED: November 5, 2026

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE